UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

INFA SALIM,
  a/k/a Salim Infa                            Plaintiff,
       v.                                                   9:18-CV-57 (MAD/ATB)

SERGEANT PATNODE,
                                  Defendant.

---

INFA SALIM, Plaintiff, pro se
MATTHEW P. REED, Asst. Attorney General, for Defendant

ANDREW T. BAXTER
United States Magistrate Judge

**REPORT-RECOMMENDATION**

This matter has been referred to me for Report and Recommendation by the Honorable Mae D'Agostino, United States District Judge. Plaintiff brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging that defendant Patnode used excessive force in violation of the Eighth Amendment.[1] Complaint ("Compl.")) (Dkt. No. 1).

Presently before the court is defendant Patnode's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), for failure to exhaust administrative remedies. (Dkt. No. 16). Plaintiff responded in opposition to the motion. (Dkt. No. 24). For the following reasons, this court agrees with defendant Patnode, and recommends dismissal of plaintiff's complaint, without prejudice.

---

[1] In her March 5, 2018 Decision and Order, Judge D'Agostino dismissed all other claims alleged in plaintiff's January 16, 2018 complaint pursuant to 28 U.S.C. § 1915(a)(2). (Dkt. No. 7).

## I. Facts

Judge D'Agostino previously summarized the facts as alleged by plaintiff in her March 5, 2018 Decision and Order (Dkt. No. 7, at 4-5), but I will briefly restate the relevant facts here. Plaintiff was incarcerated at Bare Hill Correctional Facility ("Bare Hill) in November 2017. (Compl. at 2, 5). On the morning of November 28, 2017, defendant Patnode and "four other unknown officers" assaulted plaintiff while he was being admitted to the Special Housing Unit ("SHU"). (*Id*. at 5-6). As a result of the assault, plaintiff suffered bruises and cuts to the right side of his face and neck, swelling to his right leg and left eye, and vision complications. (*Id*. at 6).

## II. Motion to Dismiss

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the court's consideration is limited to the factual allegations as stated in the complaint, documents attached to the complaint as exhibits or incorporated into the complaint by reference, and matters of which the court can take judicial notice. *Portillo v. Webb*, No. 16 Civ. 4731, 2017 WL 4570374, at *1 (S.D.N.Y. ) (quoting *Brass v. Am. Film Tech.*, 987 F.2d 142, 150 (2d Cir. 1993) (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991)). A court may take judicial notice of a public record pursuant to

Fed. R. Evid. 201(b). *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000).

### III. <u>Exhaustion of Administrative Remedies</u>

####    A.   **Legal Standards**

The Prison Litigation Reform Act, ("PLRA"), 42 U.S.C. §1997e(a), requires an inmate to exhaust all available administrative remedies prior to bringing a federal civil rights action. The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and regardless of the subject matter of the claim. *See Giano v. Goord*, 380 F.3d 670, 675-76 (2d Cir. 2004) (citing *Porter v. Nussle,* 534 U.S. 516, 532 (2002). Inmates must exhaust their administrative remedies even if they are seeking only money damages that are not available in prison administrative proceedings. *Id.* at 675.

The failure to exhaust is an affirmative defense that must be raised by the defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir. 2004). As an affirmative defense, it is the defendants' burden to establish that plaintiff failed to meet the exhaustion requirements. *See, e.g., Key v. Toussaint*, 660 F. Supp. 2d 518, 523 (S.D.N.Y. 2009) (citations omitted).

The Supreme Court has held that in order to properly exhaust an inmate's administrative remedies, the inmate must complete the administrative review process in accordance with the applicable state rules. *Jones*, 549 U.S. at 218-19 (citing *Woodford v. Ngo*, 548 U.S. 81 (2006)). In *Woodford*, the Court held that "proper" exhaustion means that the inmate must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a prerequisite to bringing suit in federal court. 548 U.S. at 90-103.

The grievance procedure in New York is a three-tiered process. The inmate must first file a grievance with the Inmate Grievance Resolution Committee ("IGRC"). N.Y. Comp. Codes R. & Regs., tit. 7 §§ 701.5(a)(1) and (b). An adverse decision of the IGRC may be appealed to the Superintendent of the Facility. *Id*. § 701.5(c). Adverse decisions at the Superintendent's level may be appealed to the Central Office Review Committee ("CORC"). *Id*. § 701.5(d). The court also notes that the regulations governing the Inmate Grievance Program encourage the inmate to "resolve his/her complaints through the guidance and counseling unit, the program area directly affected, or other existing channels (informal or formal) prior to submitting a grievance." *Id.* § 701.3(a) (Inmate's Responsibility). There is also a special section for complaints of harassment. *Id*. § 701.8. Complaints of harassment are handled by an expedited procedure which provides that such grievances are forwarded directly to the superintendent of the facility, after which the inmate must appeal any negative determination to the CORC. *Id.* §§ 701.8(h) & (i), 701.5.

Until recently, the Second Circuit utilized a three-part inquiry to determine whether an inmate had properly exhausted his administrative remedies. *See Brownell v. Krom*, 446 F.3d 305, 311-12 (2d Cir. 2006) (citing *Hemphill v. State of New York*, 380 F.3d 680, 686 (2d Cir. 2004). The *Hemphill* inquiry asked (1) whether the administrative remedies were available to the inmate; (2) whether defendants' own actions inhibiting exhaustion estops them from raising the defense; and (3) whether "special circumstances" justify the inmate's failure to comply with the exhaustion requirement. *Id.*

The Supreme Court has now made clear that courts may not excuse a prisoner's

failure to exhaust because of "special circumstances." *Ross v. Blake*, __ U.S. __, 136 S. Ct. 1850, 1857 (June 6, 2016). "'[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion.'" *Riles v. Buchanan*, 656 F. App'x 577, 580 (2d Cir. 2016) (quoting *Ross*, __ U.S. at __, 136 S. Ct. at 1857). Although *Ross* has eliminated the "special circumstances" exception, the other two factors in *Hemphill* – availability and estoppel – are still valid. The court in *Ross* referred to "availability" as a "textual exception" to mandatory exhaustion, and "estoppel" has become one of the three factors in determining availability. *Ross*, __ U.S. at __, 136 S. Ct. at 1858. Courts evaluating whether an inmate has exhausted his or her administrative remedies must focus on whether those remedies were "available" to the inmate. *Id.* *See also Riles*, 656 F. App'x at 580-81. Defendants bear the burden of proving the affirmative defense of failure to exhaust. *Williams v. Priatno*, 829 F.3d 118, 122 (2d Cir. 2016).

    **B.**     **Application**

The court may consider the exhaustion issue on a 12(b)(6) motion to dismiss when it is clear from the face of the complaint that plaintiff has not exhausted his administrative remedies. *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74-75 (2d Cir. 1998) ("An affirmative defense may be raised by a . . . motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint."); *see also Lewis v. Havernack*, No. 9:12-CV-31 (GLS/DEP), 2013 WL 1294606, at *4 (N.D.N.Y. March 28, 2013) ("The exhaustion defense is one that is not particularly well-suited for resolution for a motion to dismiss, absent the clearest indication in a plaintiff's complaint that a failure to exhaust has

occurred.")  *Brito v. Vargas*, No. 01-CV-7753(FB/LB), 2003 WL 21391676, at *2 (E.D.N.Y. June 16, 2003) (granting defendants' motion to dismiss complaint in which inmate plaintiff admitted that he did not exhaust the grievance process).

In this case, plaintiff stated in his complaint that he filed a grievance with the IGRC at Bare Hill, but that he did not appeal the unfavorable determination. (Compl. at 7-8).  Plaintiff explained that "I felt that going directly to the Court is going to be more efficient."  (Compl. at 9).  Based on the plain language of the complaint, the administrative grievance process was available to plaintiff, but he elected not to complete it. Therefore, dismissal for failure to exhaust would be appropriate.

In his response to defendant's motion, plaintiff admits his failure to exhaust, but offers a series of additional justifications for failing to file an administrative appeal. (Dkt. No. 24, at 1-3).  Although the proffered justifications are outside the complaint, the court may consider them in resolving a motion to dismiss, in light of the liberal construction applied to pro se submissions.  *Williams v. Priatno*, 829 F.3d 118, 120 n.1 (2d Cir. 2016) ("Some allegations concerning the circumstances of Williams's attempted filing of his grievance are taken from his pro se opposition to dismiss, which we may consider in resolving this appeal."); *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a pro se party in his papers opposing the motion.").

First, plaintiff questioned the ability of the grievance process to provide a remedy for his excessive force claim, and scoffed that "an apology letter" would be insufficient. (Dkt. No. 24, at 2).  Next, plaintiff contends that the IGRC advised him to "go to the Law Library," and based on plaintiff's "layman" interpretation of the law, he

6

incorrectly believed that he had adequately exhausted his administrative remedies. (Dkt. No. 24, at 2). Finally, he contends that defendant's motion to dismiss should be denied because if someone had told him that he had to exhaust his administrative remedies before commencing this proceeding, he would have done so. (Dkt. No. 24, at 3).

Plaintiff contends that each of these "special circumstances" justifies his failure to exhaust. (Dkt. No. 24, at 2). While the *Hemphill* exception for special circumstances is no longer operable, this court has considered whether any of plaintiff's justifications satisfies the *Ross* inquiry of whether administrative remedies were actually available to plaintiff. In *Ross*, the Supreme Court highlighted "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." *Ross*, 136 S. Ct. at 1859. First, an administrative remedy may be unavailable when "it operates as a simple dead end - with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id*. Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use," because "no ordinary prisoner can discern or navigate it." *Id*. Third, an administrative remedy may be unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id*.

Plaintiff's various justifications do not meet any of the exceptions identified by *Ross*. Although plaintiff contends that the grievance process was inefficient and would result in little more than an "apology letter," he has not alleged that it was the administrative "dead end" described by *Ross*. Likewise, although plaintiff contends that he misunderstood the necessity of the grievance process, this confusion does not

7

demonstrate that "no ordinary prisoner" could navigate the process, particularly where plaintiff had access to a law library and was able to successfully navigate the first step by filing a grievance with the IGRC.[2] Finally, the IGRC's advice that plaintiff should utilize the Great Meadow law library does not rise to the level of the "machination, misrepresentation, or intimidation" contemplated by *Ross*. Accordingly, this court recommends that defendant's motion to dismiss for failure to exhaust administrative remedies be granted.

## IV. Dismissal Without Prejudice

The Second Circuit has noted that "failure to exhaust administrative remedies is often a temporary, curable procedural flaw. If the time permitted for pursuing administrative remedies has not expired, a prisoner who brings suit without having exhausted these remedies can cure the defect simply by exhausting them and then reinstituting his suit . . . ." *Berry v. Kerik*, 366 F.3d 85, 87 (2d Cir. 2004) (quoting *Snider v. Melindez*, 199 F.3d 108, 111-112 (2d Cir. 1999)). Thus, where a claim is dismissed for failure to exhaust, dismissal without prejudice is appropriate if the time permitted for pursuing administrative remedies has not expired. *Berry*, 366 F.3d at 87. However, if a prisoner has failed to exhaust available administrative remedies and the time in which to exhaust has expired, it is proper for the court to dismiss the complaint with prejudice because any attempt to exhaust would be futile. *Id.* at 88.

In this case, the deadline for plaintiff to exhaust his administrative remedies for

---

[2] In *Williams*, the Second Circuit found that the confusing regulations governing the appeals process when an inmate never received a response to his initial grievance excused that plaintiff's failure to exhaust his administrative remedies. *Williams*, 829 F.3d at 126.

defendant Patnode's alleged use of excessive force on November 28, 2017 has likely expired. However, due to the lack of a fully developed record, and in deference to plaintiff's pro se status, this court recommends dismissal without prejudice to re-file, following complete exhaustion of available administrative remedies. *See Cohen v. Welch,* No. 9:16-CV-593 (FJS/TWD), 2017 WL 3311244, at *7 (N.D.N.Y. July 11, 2017), *adopted*, 2017 WL 3309713, at *2 (N.D.N.Y. Aug. 2, 2017) (dismissing complaint without prejudice, "out of an abundance of caution" that administrative remedies may still be available).

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendant's motion to dismiss (Dkt. No. 16) be **GRANTED**, and that plaintiff's complaint (Dkt. No. 1) be **DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

Dated:     November 9, 2018

Hon. Andrew T. Baxter
U.S. Magistrate Judge