UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

INFA SALIM, *also known as* Salim Infa, *also known as* Ben Hannida Ramzi,

         **Plaintiff,**

vs.              9:18-cv-57
                (MAD/ATB)

**SERGEANT PATNODE,** *Bare Hill Correctional Facility*,

         **Defendant.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **INFA SALIM**<br>16-A-4833<br>Watertown Correctional Facility<br>23147 Swan Road<br>Watertown, New York 13601<br>Plaintiff *pro se* | |
| **OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL**<br>The Capitol<br>Albany, New York 12224<br>Attorneys for Defendant | MATTHEW P. REED, AAG |

**Mae A. D'Agostino, U.S. District Judge:**

# ORDER

  Plaintiff commenced this action on January 16, 2018, alleging violations of his civil rights while he was incarcerated at Bare Hill Correctional Facility. *See* Dkt. No. 1. Specifically, Plaintiff alleged that on November 28, 2017, at around 7:15 a.m., Defendant Patnode and "four other unknown officers" assaulted him and then called "nurse/doctor Molly" who failed to provide him with medical treatment. *See id.* at 5-6. Plaintiff alleges that he was then placed in a cell and denied food, supplies, and showers for five days. *See id.* at 6. As a result of the assault,

Plaintiff alleges that he suffered bruises and cuts to the right side of his face and neck, his right leg and left eye were swollen, and he has experienced complications with his vision. *See id.* Upon his release from the SHU, Plaintiff went to sick call and was offered ibuprofen. *See id.*

In a March 5, 2018 Decision and Order, the Court found that Plaintiff's Eighth Amendment excessive force claim against Defendant Patnode survived initial review but dismissed all other claims and Defendants without prejudice. *See* Dkt. No. 7 at 16-17. On May 2, 2018, Defendant moved to dismiss the complaint for failure to exhaust administrative remedies. *See* Dkt. No. 16. In a November 9, 2018 Report-Recommendation, Magistrate Judge Baxter recommended that the Court grant Defendant's motion and dismiss this case. *See* Dkt. No. 25. Neither party objected to the Report-Recommendation.

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

3

However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having carefully reviewed the November 9, 2018 Report-Recommendation and the applicable law, the Court finds that Magistrate Judge Baxter correctly determined that the Court should grant Defendant's motion and dismiss this case. As Magistrate Judge Baxter properly noted, the Court may consider the exhaustion issue on a Rule 12(b)(6) motion when it is clear from the face of the complaint that the plaintiff has failed to exhaust. *See Pani v. Empire Blue*

*Cross Blue Shield*, 152 F.3d 67, 74-75 (2d Cir. 1998); *Lewis v. Havernack*, No. 9:12-cv-31, 2013 WL 1294606, *4 (N.D.N.Y. Mar. 28, 2013). Here, Plaintiff states in his complaint that he filed a complaint with the Inmate Grievance Resolution Committee ("IGRC") at Bare Hill C.F., but that he did not appeal the unfavorable decision. *See* Dkt. No. 1 at 7-8. Plaintiff explained his decision to forgo the appeals process and file directly with this Court as follows: "I felt that going directly to the Court is going to be more efficient." *Id.* at 8. As Magistrate Judge Baxter correctly determined, this language clearly indicates that, despite the administrative grievance process being available to Plaintiff, he elected not to complete it.

In his response, Plaintiff also admits his failure to exhaust and offers a series of additional justifications for failing to file an administrative appeal. None of these justifications would support a finding that administrative remedies were "unavailable" to Plaintiff. *See Ross v. Blake*, ___ U.S. ___, 136 S. Ct. 1850, 1857 (2016). Since administrative remedies were available to Plaintiff and he failed to exhaust, his complaint must be dismissed. Although the time for Plaintiff to exhaust his administrative remedies has likely since expired, due to the lack of a fully developed record, and in deference to Plaintiff's *pro se* status, the Court will dismiss this action without prejudice to re-file, following complete exhaustion of available administrative remedies. *See Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004); *Cohen v. Welch*, No. 9:16-cv-593, 2017 WL 3311244, *7 (N.D.N.Y. July 11, 2017).

After carefully reviewing the entire record in this matter, Magistrate Judge Baxter's November 9, 2018 Report-Recommendation, the parties' submissions and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 25) is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendant's motion to dismiss (Dkt. No. 16) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 6, 2018
       Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge