**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**INFA SALIM,** *also known as* **Salim Infa,** *also known as* **Ben Hannida Ramzi,**

**Plaintiff,**

vs.

**9:18-cv-57**
**(MAD/ATB)**

**SERGEANT PATNODE,** *Bare Hill Correctional Facility*

**Defendant.**

_____

**APPEARANCES:**                                **OF COUNSEL:**

**INFA SALIM**
**16-A-4833**
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821
Plaintiff, *pro se*

**OFFICE OF THE NEW YORK**                **MATTHEW P. REED, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

Plaintiff, an inmate in the custody of the New York State Department of Corrections and

Community Supervision ("DOCCS"), commenced this action *pro se* on January 18, 2018,

pursuant to 42 U.S.C. § 1983 ("Section 1983"). *See* Dkt. No. 1. Plaintiff alleged that on

November 17, 2017, while housed at Bare Hill Correctional Facility ("Bare Hill C.F."), Defendant

Patnode and four unknown officers assaulted him causing physical injuries for which he received

no medical attention. *See id.* at 5. Plaintiff further alleged that after being put into his cell, he

was deprived of "food, supplies and showers for [five] days." *Id.* at 5-6.

In its March 5, 2018, Decision and Order, this Court found that Plaintiff's Eighth Amendment excessive force claim survived initial review and merited a response, and dismissed all other Defendants and claims. *See* Dkt. No. 7. On May 2, 2018, Defendant Patnode filed a motion to dismiss grounded in Plaintiff's alleged failure to exhaust all administrative remedies before commencing his Section 1983 action, as required by the Prison Litigation Reform Act ("PLRA"). *See* Dkt. No. 16. Plaintiff responded in opposition to Defendant's motion on October 21, 2018, asserting that he filed his grievance with the intention of exhausting his administrative remedies—an effort he nevertheless found pointless[1]—and when the Inmate Grievance Review Committee ("IGRC") directed Plaintiff to the Bare Hill C.F. law library, he mistakenly thought that he could proceed to file his Section 1983 complaint. *See* Dkt. No. 24 at 1-2. On November 9, 2018, Magistrate Judge Andrew T. Baxter issued his Report and Recommendation, finding Plaintiff had not exhausted his administrative remedies as required by the PLRA, and that Plaintiff did not demonstrate that the grievance process was "unavailable," that is, "operat[ing] as a simple dead end," or unnavigable by an ordinary prisoner because "it is so opaque that it becomes, practically speaking, incapable of use," or that "prison administrators thwart inmates from taking advantage of the grievance process through machination, misrepresentation, or intimidation." Dkt. No. 25 at 7 (quoting *Ross v. Blake*, ___ U.S. ___, 136 S. Ct. 1850, 1859 (2016)). This Court in its December 6, 2018, Order adopted Judge Baxter's recommendation in its entirety and dismissed Plaintiff's claim against Defendant Patnode. *See* Dkt. No. 26.

On June 19, 2019, the Court received a submission from Plaintiff that it has construed as a motion for reconsideration. *See* Dkt. No. 28. In his motion, Plaintiff argues that the Court

---

[1] *See* Dkt. No. 24 at 1-2 ("[N]o apparent solution . . . could have been offered by the facility. How was the facility supposed to help me after complaining that Defendant Patnode abused me physically, send me an apology letter?").

disregarded his reasonable arguments against dismissing his remaining claim.  *See id.* at 1.

Plaintiff also asserts that Magistrate Judge Baxter misstated the law library to which the IGRC

directed Plaintiff.  *See id.* at 1-2.  Plaintiff laments the faith he lost in the justice system,

informing the Court that he may also lose his left eye because of injuries sustained during the

alleged incident, *see id.* at 2-3, and that he has "attempt[ed] to commit suicide about a dozen

time[s] and spen[t] almost [three] months in an intensive suicide[]watch," *id.* at 3.  He states that

the PLRA should be amended to afford prisoners in "special circumstances" the right to bypass

the statute's mandatory exhaustion requirement and file suit directly in federal court.  *See id.*

Plaintiff speculates that the Office of Special Investigations of DOCCS possesses "plenty of

complaints where inmates suffered retaliation after filing a grievance at their facility."  *Id.*

      The standard for granting a motion for reconsideration "is strict, and reconsideration will

generally be denied unless the moving party can point to controlling decisions or data that the

court overlooked—matters, in other words, that might reasonably be expected to alter the

conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)

(citing *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990); *Adams v. United States*,

686 F. Supp. 417, 418 (S.D.N.Y. 1988)).  The burden of proof in a Rule 60(b) motion falls on the

party challenging the earlier judgment.  *See United States v. Int'l Bhd. of Teamsters*, 247 F.3d

370, 391 (2d Cir. 2001) (citing *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir.

1994)).

      The purpose of reconsideration is not for "advanc[ing] new facts, issues or arguments not

previously presented to the Court."  *In re Gildan Activewear, Inc.*, No. 08 Civ. 5048, 2009 WL

4544287, *2 n.3 (S.D.N.Y. Dec. 4, 2009) (citing *Caribbean Trading & Fid. Corp. v. Nigerian

Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991)).  Additionally, a motion for

reconsideration should not be granted if the moving party "seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257; *see also Lichtenberg v. Besicorp Grp., Inc.*, 28 Fed. Appx. 73, 75 (2d Cir. 2002) ("A motion for reconsideration is not an opportunity for the moving party to argue those issues already considered when a party does not like the way the original motion was resolved") (quotation omitted).

"In this district, there are only three circumstances under which a court will grant a motion for reconsideration: '(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error of law or prevent manifest injustice.'" *Shaughnessy v. Garrett*, No. 5:06-CV-103, 2011 WL 1213167, *1 (N.D.N.Y. Mar. 31, 2011) (citing *Taormina v. Int'l Bus. Machs. Corp.*, No. 1:04-CV-1508, 2006 WL 3717338, *1 (N.D.N.Y. Dec. 14, 2006)). Courts have not outlined the precise contours of the "manifest injustice" that ought to be prevented, *see Oneida Indian Nation of New York v. Cty. of Oneida*, 214 F.R.D. 83, 99 (N.D.N.Y. 2003), but "the Supreme Court has cautioned that 'as a rule courts should be loathe to [grant motions to reconsider] in the absence of *extraordinary circumstances*,'" *Niagara Mohawk Power Corp. v Stone & Webster Eng'g Corp.*, No. 88-CV-819, 1992 WL 121726, *20 (N.D.N.Y. May 23, 1992) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)).

In the present matter, the Court finds that Plaintiff fails to present any valid ground for reconsideration. Plaintiff does not identify any specific argument that the Court did not consider that would merit reexamining its original conclusion. Magistrate Judge Baxter's recommendation to dismiss Plaintiff's action did not turn on the law library to which Plaintiff was referred, so likewise does not compel reconsideration. Plaintiff suggests an amendment to the PLRA instead of arguing, as he must, that the statute or controlling case law have already changed to cover his circumstances. Plaintiff offers no evidence of widespread retaliatory behavior on the part of

DOCCS employees, much less that it rendered the administrative grievance process unavailable. And he gives no indication the Court's original conclusion was clearly erroneous, nearly admitting as much when he writes that this Court "followed rules and procedures [in] judging this case." Dkt. No. 28 at 2.

Finally, while Plaintiff feels aggrieved by the Court's earlier decision, Plaintiff does not explicitly argue that the Court must reconsider its dismissal to avoid an obvious injustice. Even if he did, the Court dismissed Plaintiff's claim without prejudice, leaving open another opportunity for him to seek redress through the administrative process, or, if exhausted or proved unavailable under the rule in *Ross*, 136 S. Ct. at 1859, by re-filing his Section 1983 complaint in a court of competent jurisdiction.

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion for reconsideration is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 3, 2019
      Albany, New York

Mae A. D'Agostino
U.S. District Judge